IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 06-299-1 |
| | ) | |
| ALVIN M. THOMAS | ) | |

OPINION

DIAMOND, D.J.

Presently before the court is petitioner Alvin M. Thomas' ("Thomas") pro se Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (the "§2255 motion") (Document No. 314), Thomas' Amendment to the §2255 motion (the "Amendment") (Document No. 317), and his Motion for Adjudication of the §2255 motion (Document No. 359). The government responded to Thomas' claims (Document No. 322), and Thomas filed a reply (Document No. 327). For the reasons set forth below, Thomas' §2255 motion, including the claims raised in the Amendment, will be denied, and the motion for adjudication of the §2255 motion will be denied as moot.

I. **Background**

On August 30, 2006, Thomas was charged in a three-count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §846 (Count One) and distribution and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(ii) (Counts Two and Three). Pursuant to 21 U.S.C. §§853(a)(1)-(2), the indictment contained forfeiture allegations that Thomas had acquired money and real estate to facilitate the drug distribution conspiracy. The indictment identified a house located at 24 Kenmare Hall in Atlanta, Georgia (the

"Kenmare property") connected to defendant's criminal conduct. By a bill of particulars, the government identified a second, "substitute asset" pursuant to 21 U.S.C. §853(p)(2) located at 1658 Willis Mill Road in Atlanta, Georgia (the "Willis Mill property") to be forfeited if the Kenmare property was unavailable for forfeiture. The government filed notices of *lis pendens* for both the Kenmare and Willis Mill properties in the Fulton County, Georgia clerk's office.[1]

On December 9, 2008, the government filed an information pursuant to 21 U.S.C. §851 to establish a prior conviction as to Thomas (the "§851 Information"). According to the §851 Information, Thomas was convicted on or about January 7, 1988, in the United States District Court for the Northern District of Georgia of conspiracy to distribute and possess with intent to distribute cocaine.

On February 23, 2010, Thomas changed his plea to guilty to all three counts of the indictment. At the change of plea hearing, the government indicted it would not seek forfeiture on the Kenmare and Willis Mill properties and that it would file a release of *lis pendens* because the properties were found to have no value. Thomas subsequently filed a motion seeking justification for the forfeiture allegations and the *lis pendens* notices against the properties, claiming that the government abused the forfeiture process so he would be denied access to funds to hire private counsel.

At the sentencing hearing held on September 1, 2010, this court denied Thomas' motion concerning the forfeiture allegations and the *lis pendens* notices, and sentenced Thomas to a total term of 240 months imprisonment followed by a 10-year term of supervised release. Thomas subsequently filed an appeal, and the United States Court of Appeals for the Third Circuit affirmed

---

[1] In June 2007, the United States Attorney's Office in the Northern District of Georgia also filed notices of *lis pendens* against both the Kenmare and Willis Mill properties pursuant to a 65-count indictment against defendant charging him with money laundering, conspiracy to launder monetary instruments and currency structuring.

his judgment of conviction.

On appeal, Thomas argued that the government's notices of *lis pendens* on the Kenmare and Willis Mill properties violated his Sixth Amendment right to counsel by preventing him from retaining private counsel of his choice.[2] The Third Circuit ruled that any challenge to the notice of *lis pendens* on the Kenmare property was foreclosed because it was an asset subject to forfeiture under 21 U.S.C. §853(a)(1), and the fact that the government ultimately chose not to proceed against the property was irrelevant. See United States v. Thomas, 440 Fed. Appx. 148, 151 (3d Cir. July 28, 2011). With respect to the Willis Mill property, Thomas argued that the filing of the *lis pendens* was invalid under Georgia law because that property was a substitute asset which was not technically the subject of pending litigation. However, the Third Circuit explained that Thomas never filed a motion in the district court seeking to lift the *lis pendens* on the Willis Mill property or challenge the sufficiency of it, thus the issue was waived. Id. at 151-52. Nevertheless, the Third Circuit observed that a *lis pendens* simply notifies third parties that the property is the subject of pending litigation, but does not prevent sale of the property and is not a lien on it, thus Thomas was free to liquidate the Willis Mill property as he saw fit. Id. at 152.

Thomas now has filed a timely §2255 motion and Amendment thereto seeking relief on the following grounds:

(1) all five of his court-appointed counsel were ineffective for failing to challenge the government's filing of the *lis pendens* on the Willis Mill property, which precluded Thomas from

---

[2]Throughout the pendency of Thomas' case, he was represented by five court-appointed lawyers: Assistant Federal Public Defender Thomas Livingston, next followed by Attorney Adam B. Cogan, then Attorney Alonzo Burney, subsequently Attorney James J. Brink, and finally Attorney John A. Halley. Relevant to Thomas' §2255 motion, Attorney Brink represented him at the suppression hearing and Attorney Halley represented him at sentencing and on appeal.

selling the property to retain counsel of his choice;[3]

(2) Attorney Brink was ineffective at the suppression hearing because he had a conflict of interest;

(3) Attorney Halley was ineffective not only for failing to preserve a challenge to the government's *lis pendens* on the Willis Mill property, but also for failing to raise the issue on appeal in any event;

(4) the various appointed counsel were ineffective for failing to challenge the §851 Information;

(5) the court failed to conduct a colloquy with Thomas to determine if he admitted or denied the prior offense alleged in the §851 Information;

(6) the career offender enhancement was improperly applied to Thomas even though it was not charged in the indictment; and

(7) the advisory guideline range was improperly calculated because the 2009 edition of the Guidelines Manual was used, instead of the 1998 Manual.

For reasons we explain below, none of these claims entitle Thomas to relief under §2255.[4]

---

[3] In connection with this assertion, Thomas also claims that the Assistant United States Attorney who prosecuted his case unlawfully filed the notice of *lis pendens* on the Willis Mill property and wrongfully used the *lis pendens* process to deprive him of his right to sell the property and obtain counsel of his choice. Contrary to Thomas' claim, a *lis pendens* simply notifies others that a property is the subject of pending litigation, and it does not prevent the sale of the property, thus Thomas could have liquidated the property as he saw fit. See Thomas, 440 Fed. Appx. at 152. Accordingly, Thomas' contention that the Assistant United States Attorney wrongfully used the *lis pendens* process is wholly without merit.

[4] Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record conclusively negates the factual predicates asserted in support of a §2255 motion, and if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the court does not abuse its discretion by electing not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds no need for an evidentiary hearing as the record affirmatively establishes that Thomas is not entitled to relief as a matter of law.

## II. Standard of Review

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. §2255(a). As a collateral challenge, a motion pursuant to 28 U.S.C. §2255 is reviewed much less favorably than a direct appeal of the sentence. United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

## III. Discussion

In view of this standard, and for reasons explained below, Thomas is not entitled to relief under §2255 because: (1) a number of his claims are procedurally barred; and (2) his claims of ineffective assistance of counsel lack merit.

### A. Procedural Bar

Thomas' claims that this court failed to conduct a colloquy with him to determine if he admitted or denied the prior offense alleged in the §851 Information,[5] that the career offender

---

[5]Pursuant to 18 U.S.C. §851(b), the court "shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information. . . ." Although the court did not conduct that specific colloquy with Thomas, he was not entitled to such a colloquy because a defendant may not challenge the validity of any prior conviction which occurred more than five years before the date of the §851 information alleging such prior conviction. See 21 U.S.C. §851(e). "Multiple circuits have held that a district court is not required to adhere to the rituals of §851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement." Irrizari v. United

enhancement was improperly applied to him even though it was not charged in the indictment,[6] and that the advisory guideline range was improperly calculated by reliance on the 2009 edition of the Guidelines Manual[7] could have been raised on direct appeal but were not. Therefore, those claims are procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citations omitted).

Cause for the procedural default must be an occurrence beyond a petitioner's control that

---

States, 153 F.Supp.2d 722, 729-30 (E.D. Pa. 2001) (citing United States v. Flores, 5 F.3d 1070, 1081–82 (7th Cir. 1993); United States v. Housley, 907 F.2d 920, 921–22 (9th Cir. 1990); United States v. Nanez, 694 F.2d 405, 412–13 (5th Cir. 1982)).

Thomas' prior conviction charged in the §851 Information occurred on or about January 7, 1988, 20 years before the §851 Information was filed in this case on December 9, 2008. Thus, although this court did not conduct the colloquy prescribed by 21 U.S.C. §851(b), that omission is not material because Thomas was precluded from challenging his 1988 conviction by virtue of §851(e).

[6] Contrary to Thomas' position, there is no requirement that the career offender enhancement must be charged in an indictment before it may be applied in calculating a defendant's advisory Guidelines sentencing range.

[7] Thomas' argument that the advisory guideline range was improperly calculated by use of the 2009 edition of the Guidelines Manual, instead of the 1998 Manual, likewise lacks merit. As required by U.S.S.G. §1B1.11(a), the Guidelines Manual in effect on the date of sentencing is to be used, unless doing so would violate the Ex Post Facto Clause of the Constitution. Here, use of the 2009 edition of the Manual was correct and did not result in an Ex Post Facto violation because it did not provide for a higher sentencing range than the 1998 Manual. Thomas' reliance on Peugh v. United States, 133 S.Ct. 2072 (2013), does not alter this conclusion. In Peugh, the Supreme Court held that the Ex Post Facto Clause is violated when a defendant is sentenced under current Guidelines providing a higher sentencing range than the Guidelines in effect at the time of the offense. Id. at 2081-82. Peugh has no application to Thomas' case because, as stated, use of the 1998 Manual would not have resulted in a lower guidelines range.

Moreover, Thomas' claim that a 1988 conviction should not have been counted because it was not within 15 years of the 2009 Manual fails to understand that the 15 year time period in U.S.S.G. §4A1.2(e) has nothing to do with the edition of the Guidelines Manual that is used, but rather refers to the time between imposition of the prior sentence of imprisonment and commencement of the instant offense. We note that Thomas previously raised this issue, and the court rejected it, when it ruled on Thomas' objection to the calculation of his criminal history score and his classification as a career offender. See Document No. 284, ¶2j.

cannot be attributed to him. See McCleskey v. Zant, 499 U.S. 467, 493 (1991). Additionally, prejudice must be substantial, such that the integrity of the entire trial was infected. See United States v. Frady, 456 U.S. 152, 170 (1982). Thomas has not established the requisite cause and prejudice to excuse his failure to raise on direct appeal his claims that this court failed to conduct a colloquy with him in connection with the §851 Information, that the career offender enhancement was improperly applied to him or that the advisory guideline range was improperly calculated. Nevertheless, those claims are wholly without merit. See supra, n.5-7.

The only ground for cause for procedural default asserted by Thomas is his claim that his various court appointed counsel were ineffective in representing him. A claim of ineffective assistance of counsel is properly raised for the first time in a §2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003). Accordingly, we next address Thomas' ineffective assistance of counsel claims and find that they are without merit.

### B. Ineffective Assistance of Counsel

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and, (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must establish both prongs of the inquiry, for "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

The first prong requires the petitioner to demonstrate that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The deficiency prong requires proof that counsel's performance fell below an objective standard of

AO 72
(Rev. 8/82)

reasonableness under the prevailing professional norms. Id. at 688. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. Id. at 690. In sum, a petitioner has the burden of overcoming the strong presumption that counsel was effective. Id. at 689.

If deficient performance is established, the second prong of the Strickland analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To satisfy this test, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The assessment cannot be based upon generalities but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [finding] of guilt." Flamer v. State of Delaware, 68 F.3d 710, 729 (3d Cir. 1995) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Thomas contends that his various court appointed attorneys were ineffective for the following reasons: (1) all five court-appointed counsel were ineffective for failing to challenge the government's filing of the *lis pendens* on the Willis Mill property, which precluded Thomas from selling the property to retain counsel of his choice; (2) Attorney Brink was ineffective at the suppression hearing because he had a conflict of interest; (3) Attorney Halley was ineffective not only for failing to preserve a challenge to the government's *lis pendens* on the Willis Mill property, but also for failing to raise the issue on appeal in any event; and (4) Attorneys Cogan, Burney, Brink

and Halley were ineffective for failing to challenge the §851 Information. For reasons explained below, Thomas has not satisfied the first prong of the Strickland test because he has not demonstrated that any of his counsels' performance was deficient.

First, there is no merit to Thomas' claim that his appointed counsel were ineffective for failing to challenge the government's filing of the *lis pendens* on the Willis Mill property, which Thomas contends prevented him from selling the property and using the proceeds to hire retained counsel.[8] This court explained at the sentencing hearing that a "*lis pendens* simply is telling the world, be on notice. It is not a lien. It does not freeze the property." See Document No. 318, Ex. 8 at 5. The Third Circuit reiterated that concept in ruling on Thomas' appeal:

> A notice of *lis pendens* simply serves to notify prospective purchasers or other interested persons who are not parties to the suit that particular property is the subject of pending litigation. Indeed, such a notice "does not prevent the sale of the property, nor is it a lien on the property." Aiken v. Citizens & S. Bank of Cobb Cnty., 249 Ga. 481, 291 S.E.2d 717, 719 (1982). The *lis pendens* were not impermissible pretrial restraints on an owner's ability to alienate property. See United States v. Lebed, 2005 WL 2495843, at *9–10 (E.D. Pa. 2005); United States v. Miller, 26 F.Supp.2d 415, 432 n.15 (N.D.N.Y. 1998). Thomas was free to liquidate the properties as he saw fit.

Thomas, 440 Fed. Appx. at 152. Because the *lis pendens* was not a lien on the Willis Mill property, and did not prevent its sale, there was no basis for Thomas' counsel to have challenged the government's filing of it.[9] See Lebed, 2005 WL 2495843, at *10 (denying a motion for discharge

---

[8] A §2255 motion generally may not be employed to re-litigate issues that were raised and considered on direct appeal absent exceptional circumstances, such as an intervening change in the law. See United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993); see also Withrow v. Williams, 507 U.S. 680, 720 (1993) (Scalia, J., concurring) ("Prior opportunity to litigate an issue should be an important equitable consideration in any habeas case, and should ordinarily preclude the court from reaching the merits of a claim, unless it goes to the fairness of the trial process or to the accuracy of the ultimate result."). Despite this prohibition, Thomas purports to re-litigate under the guise of ineffective assistance of counsel his claim concerning the government's filing of a *lis pendens* on the Willis Mill property, which was raised on direct appeal. Although the issue could be dismissed as previously having been litigated, we will address Thomas' claim of ineffective assistance on this basis, but find no merit to it in any event.

[9] In an attempt to bolster his *lis pendens* argument, Thomas sought to further amend his §2255 motion on April 15, 2016, by asserting that the United States Supreme Court's decision in Luis v. United

of a *lis pendens* because a *lis pendens* does not amount to an impermissible restraint on a defendant's assets). Therefore, counsels' performance was not deficient as Thomas now claims.

Second, Thomas asserts that Attorney Brink was ineffective when he represented him at the suppression hearing held on October 19, 2009, because Attorney Brink knew a conflict of interest existed. According to Thomas, he told Attorney Brink in August, 2009, that Emmanuel Kofi Adusei, who Brink also represented, had admitted to Thomas that he intended to lie when called as a government witness to implicate Nyame Mensah at Mensah's trial. Thomas' conflict of interest claim is unfounded.

Attorney Brink moved to withdraw from both Thomas' and Adusei's case on November 17, 2009, after Mensah filed a motion for a new trial containing Thomas' claim. See Document No. 214; see also Criminal No. 08-168, Document No. 722. Attorney Brink averred in the motions to withdraw that he was made aware of a potential conflict the date he moved to withdraw. Significantly, when Attorney Brink testified under oath at Mensah's hearing for a new trial, Attorney Brink denied that Thomas had told him in August, 2009, or ever, about the alleged

---

States, 136 S.Ct. 1083 (2016), provides support for his claim, as well as a basis to assert a "non-frivolous Sixth Amendment claim." See Document No. 353. A petitioner who has filed a timely §2255 motion may not amend it to raise new claims after expiration of the 1-year limitation period. See United States v. Duffus, 174 F.3d 333, 336-37 (3d Cir. 1999). However, the "relation back" principle of Fed.R.Civ.P. 15 applies to §2255 motions, and "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Here, the court finds that Thomas' purported Sixth Amendment claim arguably relates back to his original claim in the §2255 motion that the filing of a *lis pendens* on his properties interfered with his right to retain counsel of his choice, and will grant the motion and permit the amendment. However, Thomas is not entitled to any relief on this claim because Luis provides no support for his contention that the filing of a *lis pendens* on his properties interfered with his right to retain counsel of his choice. Luis held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." 136 S.Ct. at 1088. Indeed, Luis drew a distinction between a defendant's "tainted funds" and a defendant's "innocent funds." See id. at 1095. Luis does not apply because, as discussed herein, Thomas' properties at issue in this case were not legitimate or untainted assets but rather were the subject of forfeiture in the Northern District of Georgia as tainted assets and the filing of a *lis pendens* is not a restraint on a defendant's assets in any event.

admission from Adusei regarding Mensah. See Criminal No. 08-168, Document No. 797 at 88, 89, 106, 108, 109. According to Attorney Brink's sworn testimony, he was not aware of a conflict of interest when he represented Thomas at the suppression hearing.

Even assuming Attorney Brink was aware of an actual conflict when the suppression hearing was held, there is absolutely no basis to find that his performance at that hearing was deficient. To prove that an actual conflict of interest adversely affected counsel's representation, a petitioner must "identify a plausible defense strategy that could have been pursued, and show that this alternative strategy inherently conflicted with, or was rejected due to, [counsel's] other loyalties or interests." Hess v. Mazurkiewicz, 135 F.3d 905, 910 (3d Cir. 1998). Not only has Thomas failed to identify any such strategy here, Thomas' conflict of interest claim is undermined by the fact that Attorney Brink was successful in achieving suppression of a post-arrest conversation between Thomas and a confidential source that occurred at the Allegheny County Jail. See Opinion and Order of Court dated November 19, 2009 (Document Nos. 216 and 217).[10]

Moreover, Thomas' claim of deficient performance relates to his dissatisfaction with tactical decisions made by Attorney Brink at the suppression hearing.[11] This court will not second-guess such decisions, which Attorney Brink no doubt made after exercising his professional judgment about which strategy would produce the greatest likelihood for success at that stage of the proceedings. In any event, this court does not find that Attorney Brink was deficient concerning

---

[10] To the extent Thomas now claims that Attorney Brink's performance at the suppression hearing was deficient because he did not achieve suppression of additional evidence that Thomas believes should have been suppressed, that claim fails. As the court explained in its Opinion, there was no basis to suppress wiretap evidence or recorded statements concerning drug transactions that Thomas made to another confidential source.

[11] These claims by Thomas include Attorney Brink's alleged failure at the suppression hearing to subpoena certain potential witnesses, gather certain evidence and challenge the authenticity of an audio recording. However, Thomas has not overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" in any of the areas about which he complains. See Strickland, 466 U.S. at 689.

the strategic and tactical choices he made in representing Thomas at the suppression hearing. As discussed, Attorney Brink obtained a partially successful result on Thomas' behalf by achieving suppression of certain evidence.

Thomas next asserts that Attorney Halley's performance was deficient because he failed to preserve a challenge to the government's *lis pendens* on the Willis Mill property, and he failed to raise the issue on appeal in any event. As discussed repeatedly, the *lis pendens* on the Willis Mill property simply served to notify third parties that the property was the subject of pending litigation, but it did not prevent the sale of the property. Therefore, it would have been futile for Attorney Halley to challenge the government's filing of the *lis pendens*, and his failure to do so does not amount to deficient performance.

Likewise, Attorney Halley's performance was not deficient for failing to pursue this issue on appeal.[12] As the Third Circuit ruled, Thomas did not file a motion seeking to lift the *lis pendens* on the Willis Mill property in the district court, thus the issue was waived. Thomas, 440 Fed. Appx. at 151-52. Nevertheless, the Third Circuit recognized that the *lis pendens* on the Willis Mill property did not prevent its sale, and Thomas was free to liquidate the property as he saw fit. Id. at 152. For these reasons, it likewise would have been futile for Attorney Halley to pursue this issue on appeal.

As the Supreme Court has stated, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Therefore, contrary to Thomas' claim, Attorney Halley was not ineffective for failing to

---

[12]Due process entitles a criminal defendant to the effective assistance of appellate counsel on direct appeal, Evitts v. Lucey, 469 U.S. 387, 394 (1985), and the two-prong Strickland standard likewise applies to a claim that appellate counsel was ineffective. Smith v. Robbins, 528 U.S. 259, 285 (2000).

raise an issue on appeal that Thomas believes should have been raised. As appellate counsel, Attorney Halley obviously made a tactical decision to pursue on appeal the arguments which in his professional judgment he deemed to have the greatest chance for success, and this court will not second-guess that decision.

Finally, Thomas contends that Attorneys Cogan, Burney, Brink and Halley were ineffective for failing to challenge the §851 Information because the prior conviction listed therein was not charged in the indictment in this case, thus his sentence was improperly increased. Thomas makes a related claim that his sentence was enhanced in violation of Alleyne v. United States, 133 S.Ct 2151 (2013). Thomas is incorrect on both counts.

Unlike an indictment charging a felony offense which only may be returned by a grand jury, see Fed.R.Crim.P. 6(f) and 7(a)(1), it is the United States Attorney who files an information stating prior convictions to be relied upon for purposes of increased punishment. See 21 U.S.C. §851(a)(1). Therefore, contrary to Thomas' position, there is no requirement that an §851 information listing a defendant's prior convictions must be charged in the indictment.

Thomas' related argument, that his sentence was enhanced in violation of Alleyne, also fails. In Alleyne, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and proved beyond a reasonable doubt. 133 S.Ct. at 2155. As an initial matter, Alleyne does not apply retroactively to cases on collateral review, such as Thomas' case here. See United States. v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014).

Even if Alleyne were applicable, the result would be the same because "Alleyne does nothing to alter the rule that, for sentencing enhancement purposes, the fact of a prior conviction need not be submitted to a jury." Shaw v. United States, 2014 WL 2719661, at *3 (M.D.Pa. June

AO 72
(Rev. 8/82)

- 13 -

13, 2014) (citing United States v. Cooper, 739 F.3d 873, 884 (6th Cir.2014)); see also Almendarez-Torres v. United States, 523 U.S. 224, 239–40 (1998) (regarding sentence enhancement, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proven beyond a reasonable doubt).[13] Thomas' sentence was enhanced because of his prior conviction, thus Alleyne has no application to his case.

For all of the reasons discussed, the court finds that the performance of each of Thomas' court appointed counsel was not deficient. Even if Thomas could demonstrate deficient performance by counsel, which he cannot, we conclude he has shown no prejudice under Strickland – no reasonable probability that, had counsel not committed the errors Thomas now claims, the outcome of the case would have been different. Because Thomas has failed to establish deficient performance by counsel and resulting prejudice, we find that his claims of ineffective assistance of counsel lack merit.

## IV. Conclusion

For all of the foregoing reasons, Thomas' §2255 motion and Amendment fail to raise any meritorious claim and must be denied as a matter of law.

According to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. Congress has mandated that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the

---

[13] The Supreme Court's ruling in Alleyne did not overrule Almandarez–Torres and its conclusion that the fact of a prior conviction is an exception to Alleyne's general rule and can be decided by a judge, rather than a jury. See Alleyne, 133 S.Ct. at 2160, n.1 ("[i]n Almendarez—Torres ... we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

denial of a constitutional right." 28 U.S.C. §2253(c)(2). As the foregoing makes clear, Thomas' §2255 motion and Amendment do not identify any basis which could support a substantial showing of the denial of a constitutional right, thus a certificate of appealability will not be issued in this case.

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: September 9, 2016

cc: Troy Rivetti
Assistant U.S. Attorney

Alvin M. Thomas