IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 2:06-CR-0299 |
| | ) |
| vs. | ) |
| | ) Judge Robert J. Colville |
| ALVIN M. THOMAS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is the "Motion to Amend Judgment Federal Rule of Civil Procedure 59(e)" (hereinafter, "Second Motion") filed by *pro se* Defendant Alvin M. Thomas. Mr. Thomas seeks reconsideration of our August 17, 2020 denial (ECF No. 400) of his previous counseled motion, entitled "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Request for Emergency Consideration" (ECF No. 393) ("First Motion"), in which he requested a reduction of his sentence for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the Defendant's Second Motion is denied without prejudice.

Upon review of the Second Motion, the Court ordered Defendant's counsel of record, Assistant Public Defender Kashayar Attaran,[1] to file on or before January 26, 2021 a Position to the Second Motion, specifically, whether Mr. Thomas' *pro se* submission set forth any claim for

---

[1] AFPD Attaran represented Mr. Thomas in the First Motion, and his appearance as counsel of record has not been withdrawn.

1

compassionate release or reduced sentence pursuant to the CARES/and/or First Step Act. (ECF No. 409). No said position has been filed.

Because we write mainly for the benefit of Mr. Thomas, the Court hereby incorporates its summary of the background of Mr. Thomas' criminal history, current sentence, medical condition of pre-diabetes, and legal analysis contained in Memorandum Order of Court denying the First Motion. (ECF No. 401). We reiterate that courts have specific authorization under the First Step Act's amendment of 18 U.S.C. § 3582 to modify a defendant's term of imprisonment where the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[2]  In addition, we note the governing standard of review for a motion for reconsideration is that such a motion will be granted only if the party seeking reconsideration shows: (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available at the time of the prior decision, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *see Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In the First Motion Mr. Thomas asserted that his pre-diabetic status with a recorded A1C of 6.3, puts him at increased risk of death or serious illness from COVID-19, and that his health issues constitute extraordinary and compelling reasons justifying his early release from FCI Yazoo City Low. He now requests that we reconsider our previous ruling due to his cholesterol level and "burning mouth syndrome" and attaches to his Second Motion additional medical records a description of burning mouth syndrome. All of these records pre-date his prior requests for

---

[2] The reviewing court must also consider: "(1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Graves,* Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

compassionate release submitted to the warden at FCI Yazoo City Low. Those requests were dated April 17, 2020 and May 22, 2020. Thus he has met the administrative exhaustion requirement under the applicable statute. 18 U.S.C. § 3582(c)(1)(A).

Here, while the Court finds that Mr. Thomas's motion is properly before it, the Court is unable to conclude that Mr. Thomas's current health conditions described in his supplementary record and highlighted in his motion, even when considered in combination of his pre-diabetes, rise to an "extraordinary and compelling'" level. As such, compassionate release is foreclosed. As explained in the Memorandum Order denying the First Motion, the Court must determine whether Mr. Thomas's cholesterol level and burning mouth syndrome, either in isolation or in combination with the ongoing COVID-19 pandemic, is an "extraordinary and compelling" reason that warrants release under § 3582(c)(1)(A)(i). The Application Notes to § 1B1.13 of the Guidelines speak to this particular requirement and outline two (2) different medical conditions that can rise to an "extraordinary and compelling" level: (1) terminal illnesses;[3] and (2) non-terminal conditions that substantially diminish the ability of the defendant to provide self-care within the correctional environment. The Court finds that Mr. Thomas's current conditions—both in isolation and when considered in combination with the ongoing COVID-19 pandemic—do not rise to an "extraordinary and compelling" level as defined in the Application Notes to the Sentencing Commission's Policy Statement to 18 U.S.C. § 3582(c)(1)(A), i.e., "the defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant

---

[3] The Court finds that Mr. Thomas does not qualify for relief under the "terminal illness" category as set out in Application Note (1)(A)(i).

to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.(1)(A)(ii).[4]

Here, in considering Mr. Thomas's conditions, the Court finds that his conditions are not sufficiently serious in nature to warrant release. The record indicates that he has access to appropriate care. (See ECF No. 404-3, 404-4). In addition, nothing in the record indicates that his ailments prevent him from being able to "provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.(1)(A)(ii).

Similarly, in considering Mr. Thomas's conditions in combination with the ongoing COVID-19 pandemic, the Court is unable to find that such combination of concerns warrants relief. *United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *8 (W.D. Pa. May 29, 2020); *see also United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) ("In the absence of a deadly pandemic that is deadlier to those with [defendant's] underlying conditions, these conditions would not constitute 'extraordinary and compelling reasons.' It is the confluence of COVID-19 and [defendant's] health conditions that makes this circumstance extraordinary and compelling."). Yet the record shows that Mr. Thomas has had access to medical care and that the medical staff at the prison have treated or assessed his complaints. There is no indication that Mr. Thomas's conditions substantially diminish his ability to provide self-care during the pandemic while incarcerated. U.S.S.G. 1B1.13 cmt. 1.

The Centers for Disease Control and Prevention has not listed high cholesterol and/or burning mouth syndrome as conditions causing "higher risk for severe illness from COVID-19."

---

[4] To find compelling and extraordinary reasons, the Policy Statement further requires that a court find that a defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13, cmt. n.(1).

Centers for Disease Control and Prevention, *Who is at Increased Risk for Severe Illness?: People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated December 23, 2020). Nor do they meet the standard for conditions which "might be an increased risk" for severe illness from COVID-19. *Id.* Because Mr. Thomas has not proven his current conditions "substantially diminish" his ability "to provide self-care within the environment of a correctional facility," even in the context of the pandemic, he does not satisfy subdivision 1(A) of the Sentencing Commission's definition of "extraordinary and compelling reasons" for release. U.S.S.G. §1B1.13 app. Note 1.

Mr. Thomas's concerns regarding COVID-19 do not warrant a reduction of his sentence. As explained in our prior ruling, he has not controverted with any evidence the substantial steps that the BOP is taking to protect the health and safety of both inmates and staff at all of the federal prisons. See BOP website at: www.bop.gov/coronavirus/index.jsp

Further, FCI Yazoo City Low has a total of 1,355 inmates, and while at one point its positive confirmed cases was high, currently it has two confirmed active cases among inmates and 5 confirmed active cases among staff. Federal Bureau of Prisons, COVID-19 Tracker, https://www.bop.gov/coronavirus/ (last visited February 8, 2021). The existence of COVID-19 at FCI Yazoo City Low alone cannot independently justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

For the reasons discussed above, it is clear that Mr. Thomas does not suffer from medical conditions that place him at a high risk of grave illness and death if he were to become infected with COVID-19. It is further clear that he does not face an actual, non-speculative risk of COVID-19 exposure at FCI Yazoo City Low. The Court thus finds that the combination of the COVID-

19 pandemic and Mr. Thomas's preexisting medical conditions does not constitute an "extraordinary and compelling reason" for a reduction in Mr. Thomas's sentence. He has not cited to any intervening change in the controlling law, the availability of new evidence that was not available at the time of the prior decision, or the need to correct a clear error of law or fact or to prevent manifest injustice, such that the Court should reconsider and modify its prior ruling.

Finally, because this Court is unable to modify Mr. Thomas's sentence pursuant to 18 U.S.C. § 3582, the Court cannot direct the placement of Mr. Thomas at this time. *See United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.). This Court will thus defer to the BOP's "exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long." *Id.* (quoting *United States v. Parks*, No. 17-cr-137, 2019 WL 5085968, at *1 (N.D. Ohio Oct. 10, 2019).

For the reasons discussed above, it is hereby ORDERED that Defendant Alvin Thomas's Motion to Amend Judgment Federal Rule of Civil Procedure 59(e) [404] is hereby DENIED without prejudice.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED:  February 9, 2021

cc:     ALVIN M. THOMAS
        38483-019
        FCC YAZOO CITY LOW
        PO BPS 5000
        YAZOO CITY, MS 39194-5000

        Counsel of record (via CM-ECF)